Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00200-CR

Jason **SAN MIGUEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2202A
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Rebecca Simmons, Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:   July 7, 2010

DISMISSED

On August 3, 2009, we notified Appellant that the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Additionally, the clerk's record contained a written waiver signed by the appellant pursuant to which he entered a plea of no contest. The trial court's judgment also reflected that there was a plea bargain agreement, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's

certification accurately reflected that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). We, therefore, ordered that this appeal would be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant caused an amended trial court certification to be filed by September 2, 2009, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No response has been received by this court. We, therefore, dismiss this appeal in accordance with Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH